IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:21-CR-149-RLJ-DCP |
| DEONDRE ELIE and ) | |
| DARTAVIA SMITH-WILSON, ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendants' Joint Motion to Continue Trial Date and Relevant Deadlines [Doc. 32], filed on February 2, 2022. Defendants ask the Court to continue the March 22, 2022, trial date because defense counsel have been involved in a good faith effort to resolve the matters contained in the Indictment [Doc. 17], and discovery has been provided to counsel; however, based upon a Discovery Disclosure Agreement, counsel must redact the provided materials and need additional time to discuss and fully review the discovery with Defendants. The motion relates that the right to a speedy trial has previously been explained to Defendants, and Defendants understand the need for a continuance. The motion further relates that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of August 9, 2022.

The Court finds Defendants' Joint Motion to Continue Trial Date and Relevant Deadlines [Doc. 32] is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a

speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, Defendants' counsel must redact the provided discovery materials pursuant to the terms of a Discovery Disclosure Agreement and need additional time to discuss and fully review the discovery with Defendants. Thus, the Court concludes that without a continuance, Defendants would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Joint Motion to Continue Trial Date and Relevant Deadlines [**Doc. 32**] is **GRANTED**. The trial of this case is reset to **August 9, 2022**. The Court finds that all the time between the filing of the motion on February 2, 2022, and the new trial date of August 9, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendants' Joint Motion to Continue Trial Date and Relevant Deadlines [**Doc. 32**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **August 9, 2022**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **February 2, 2022**, and the new trial date of **August 9, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **March 11, 2022,** and responses will be due **March 25, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 11, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **July 18, 2022, at 11:00 a.m.**;

(7) The deadline for filing motions *in limine* is **July 25, 2022**; and

2

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **July 29, 2022.**

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge