UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:21-CR-149-KAC-DCP |
| DEONDRE ELIE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case is before the Court on Attorney Joshua D. Hedrick's Motion to Withdraw [Doc. 72], filed on August 22, 2022. On September 6, 2022, the parties appeared before the Court for a motion hearing. Assistant United States Attorney Alan Kirk was present representing the Government. Attorney Hedrick appeared along with Defendant Elie. Attorney Robert R. Kurtz, a member of the CJA Panel, was also present at the Court's request.

Attorney Hedrick stated at the hearing that Defendant requested the filing of the motion and that issues had developed with respect to the attorney-client relationship that he needed to bring to the Court's attention. AUSA Kirk said the Government took no position on the motion relating to Defendant's representation by Attorney Hedrick. The Court then conducted a sealed, *ex parte* inquiry with Defendant and Attorney Hedrick to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds that Attorney Hedrick and Defendant have experienced a breakdown of communication in the attorney-client relationship that has compromised beyond repair Attorney Hedrick's ability to render effective assistance of counsel should he remain on the case.

Accordingly, in light of the lack of trust and breakdown in communications between Defendant and Attorney Hedrick, which cannot be resolved but which the Court does not find to be Attorney Hedrick's fault, the Court finds that good cause exists to grant the present motion. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Motion to Withdraw [Doc. 72] is thereby **GRANTED** and Attorney Hedrick is **RELIEVED** as counsel of record for the Defendant.

At the end of the hearing, Attorney Robert R. Kurtz agreed to accept representation of the Defendant. Accordingly, the Court **SUBSTITUTES** and **APPOINTS** Attorney Kurtz under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court directed Attorney Hedrick to provide the discovery and information from Defendant's file to new counsel, and Attorney Hedrick stated he would provide a digital copy to Attorney Kurtz by the next day.

Accordingly, the Court **ORDERS** as follows:

(1) Attorney Joshua Hedrick's Motion to Withdraw [**Doc. 72**] is **GRANTED**;

(2) Attorney Hedrick is **RELIEVED** of his representation of Defendant Elie and **DIRECTED** to provide the discovery and information from Defendant's file to new counsel; and

(3) Attorney Robert R. Kurtz is **SUBSTITUTED** and **APPOINTED** as Defendant Elie's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

2

Case 3:21-cr-00149-KAC-DCP   Document 75   Filed 09/08/22   Page 2 of 2   PageID #: 464