IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-149-KAC-DCP |
| DEONDRE KENYETTA ELIE, and | ) | |
| DARTAVIA DEVON SMITH-WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the Court for report and recommendation on Defendant Deondre Elie's Motion to Dismiss for Speedy Trial Violation [Doc. 89], filed on December 2, 2023. *See* 28 U.S.C. § 636(b). Codefendant Dartavia Smith-Wilson moves to join in this motion [Doc. 99],[1] and both Defendants filed replies [Docs. 11 & 115] at the request of the Court. The Defendants asks the Court to dismiss the charges in this case due to a violation of their statutory and constitutional rights to a speedy trial. They allege that their trial date was continued twice, despite their informing counsel that they objected to a continuance. They argue that one hundred and twelve "non-excludable" days elapsed from the speedy trial clock and that they are prejudiced by this delay, during which time they have been detained and, thus, limited in their ability to access legal research and assist with the preparation of their defense. The Government responds that all continuances in this case were either at the Defendants' request or to further the ends of justice [Doc. 105].

---

[1] The Court finds that Defendant Smith-Wilson has demonstrated that the Motion to Dismiss applies to him, and his motion to join [**Doc. 99**] is **GRANTED in part**, with respect to the Motion to Dismiss.

After careful review of the evidence, the filings, the parties' arguments, and the relevant law, the Court finds no violation of the Defendants' statutory or constitutional rights to a speedy trial. Although the Court finds that the total length of time that the Defendants have been in pretrial detention is prejudicial because it exceeds one year, it does not find the delay in trial violates Defendants' Sixth Amendment right to a speedy trial. Accordingly, the undersigned recommends that the motion to dismiss the charges be denied.

I. PROCEDURAL HISTORY AND FINDINGS OF FACT

The analysis of the Defendants' arguments requires a detailed consideration of the procedural history of this case. On November 3, 2021, Defendant Smith-Wilson first appeared on a Criminal Complaint [Doc. 3], which charged both Defendant Smith-Wilson and Defendant Elie with conspiracy to distribute 100 grams or more of heroin, possession with intent to distribute 100 grams or more of heroin, and possession of firearms in furtherance of drug trafficking. A six-count Indictment was returned on November 17, 2021, charging both Defendants with conspiring to distribute 100 grams or more of heroin from May 1, 2021, to September 15, 2021 (Count One) [Doc. 17]. The Indictment also charged both Defendants with distributing heroin on May 28, 2021 (Count Two) and possessing firearms in furtherance of drug trafficking on September 15, 2021 (Count Six). Defendant Elie was charged with distributing heroin on June 11, 2021 (Count Three) and on September 1, 2021 (Count Five). The Indictment charged Defendant Smith-Wilson with distributing heroin on July 20, 2021, while aided and abetted by an unnamed person (Count Four).

Both Defendants appeared on January 5, 2022, for an arraignment on the Indictment [Doc. 22, Minutes]. This was Defendant Elie's first appearance in the case, after being brought into federal custody on a writ [*See* Doc. 21]. Attorney Joshua D. Hedrick, appointed that day to represent Defendant Elie, made an oral motion to continue the trial beyond the seventy days allotted by the Speedy Trial Act, to permit him to review discovery and to prepare the case for

2

trial. Assistant Federal Defender Nakeisha Jackson joined in this motion on behalf of Defendant Smith-Wilson. The Court found the request furthered the ends of justice; set the trial for March 22, 2022; and found all time between the January 5 hearing and the new trial date was excluded from the speedy trial clock [Doc. 30]. At that time, forty-eight days (excluding the day the Indictment was returned) had elapsed from the speedy-trial clock and twenty-two days remained.[2] *See* 18 U.S.C. § 3161(c)(1) (providing that the trial shall commence seventy days from the date of the indictment or the initial appearance, whichever is later); *see also United States v. Crawford*, 982 F.2d 199, 203 (6the Cir. 1993) (holding the day of the event that starts the speedy trial clock, *i.e.*, the filing of the indictment or the initial appearance, is excluded from the speedy trial time as "other proceedings concerning the defendant").

On February 2, 2022, Defendants filed an Unopposed Joint Motion to Continue Motion Deadline and Trial Date, stating that defense counsel needed additional time to redact discovery and to review the discovery with the Defendants [Doc. 32]. The motion related that the Government did not object to the requested continuance and that "[t]he right to a speedy trial has been previously explained to the Defendant, who is in custody, and he understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes" [*Id*. at 2]. The Defendants requested a trial continuance of sixty to ninety days [*Id.*]. On February 22, 2022, the Court granted the Defendants' motion and continued the trial to August 9, 2023, a date agreed upon by the parties [Doc. 34 p. 1]. The Court found the continuance furthered the ends of justice and was necessary to allow defense counsel

---

[2] The Court notes that January 5, 2021, the day of the arraignment, is excluded from the speedy trial calculation as the day of a court proceeding. 18 U.S.C. § 3161(h)(1) (excluding delay "resulting from other proceedings concerning the defendant"); *United States v. Robinson*, 887 F.2d 651, 655 (6th Cir. 1989) (observing that days on which pretrial proceedings, such as an initial appearance, are conducted are excluded under the Act).

3

time to prepare for trial [*Id.* at 2]. The Court excluded all time from the filing of the motion on February 2, 2022, to the new trial date of August 9, 2022 [*Id.*]. The Court finds that at the time of the February trial continuance, no additional time elapsed from the speedy trial clock because all delay was excluded under the Act.

Following the February 2022 continuance, Defendant Smith-Wilson litigated two suppression motions and a motion to exclude evidence of an out-of-court identification [*See* Docs. 35–37]. The undersigned held a hearing on these motions on April 20, 2022 [Doc. 44, Minutes], and the parties filed post-hearing briefs on May 4 and 10, 2022 [Docs. 48 & 49]. On June 24, 2022, the Court issued a Report and Recommendation, recommending the motions be denied [Doc. 53]. On July 12, 2022, District Judge R. Leon Jordan adopted the facts and conclusions from the Report and Recommendation, denied the motions to suppress evidence seized pursuant to a search warrant, and denied the motion to exclude identification as moot [Doc. 56]. Also following the February 2022 continuance, Defendant Elie moved for a detention hearing [Doc. 49], which was held on May 26, 2022 [Doc. 50, Minutes]. The Court entered a detention order on May 27, 2022 [Doc. 52].

On July 11, 2022, both Defendant's filed unopposed motions to extend the plea deadline but stated that neither Defendant sought to continue the trial [Docs. 54 & 55]. On July 13, 2022, District Judge Jordan granted Defendants' motions and extended the July 11 plea deadline one week to July 18, 2022 [Docs. 57 & 58]. The undersigned moved the July 18 pretrial conference to the following day to accommodate the extension of the plea deadline. No plea agreements were filed.

Counsel appeared before the undersigned by telephone for a pretrial conference on July 19, 2022 [Doc. 59, Minutes]. At the pretrial conference, counsel for the Government announced that on the following day, the Government would seek a superseding indictment, which would add new

charges and revise the current charges [*See* Doc. 67 pp. 2–3]. The Court informed the parties that it would be setting a new trial date and schedule in this case and noted the possibility that this case could be assigned to a different district judge if a superseding indictment was filed [*Id.* at 3]. Counsel agreed with the Court that it would be prudent to continue the pretrial conference to determine whether a superseding indictment would be returned [*Id.*]. At this time, neither defense counsel, nor counsel for the Government objected to a trial continuance [*Id.*].

On July 20, 2022, the Grand Jury returned a Superseding Indictment [Doc. 60], which added fentanyl to the controlled substances charged in Counts One through Five and added a single count of being a felon in possession of a firearm and ammunition for each Defendant (Counts Seven & Eight). On July 22, 2022, Chief United States District Judge Travis R. McDonough reassigned this case to United States District Judge Katherine A. Crytzer [Doc. 62].

The parties appeared for an arraignment on the Superseding Indictment on August 2, 2022 [Doc. 63, Minutes]. After arraigning Defendants on the Superseding Indictment, the Court noted the case had been reassigned to District Judge Crytzer and reset the trial to October 11, 2022, on Judge Crytzer's calendar [Doc. 67 p. 3]. Ms. Jackson stated Defendant Smith-Wilson opposed the new trial date, was prepared to go to trial on August 9, and wanted to proceed on that date [*Id.*]. The Court noted Defendant Smith-Wilson's objection but explained that the case was reassigned to a new District Judge and observed that the new trial date of October 11, 2022, fell within the time allotted for a speedy trial [*Id.* at 4].

The Court subsequently issued a Memorandum and Order, acknowledging that the October 11 trial date was not within the time remaining on the speedy trial clock but continuing the trial on its own motion and over Defendant Smith-Wilson's objection to October 11, 2022 [*Id.* at 4 n.2, 5 – 6]. The Court held that the brief, nine-week continuance was necessary to prevent a miscarriage of justice, due to insufficient time for the parties to disclose and review new discovery relating to

5

the revised and new charges in the Superseding Indictment [*Id.* at 5]. The Court also observed that the deadlines for motions in *limine* and special requests for jury instructions had expired and that insufficient time remained to summon a jury before the August 9 trial date [*Id.*]. The Court found a continuance of just under two-months was necessary to allow the parties a reasonable time to prepare for trial and that the ends of justice served by the continuance outweighed the interest of the Defendants and the public in a speedy trial [*Id.* at 5–6]. The Court found that all time between the arraignment on August 2, 2022, and the new trial date of October 11, 2022, was fully excludable time under the Speedy Trial Act [*Id.* at 6].

Based on this chronology, the Court finds that all the time from the January 5, 2021 arraignment to the October 11, 2022 trial date was continuously excluded and that following the August 2 continuance, twenty-two days remained on the speedy trial clock [*See* Docs. 30, 34, & 67].[3]

On December 2, 2022, Defendant Elie filed the instant Motion to Dismiss for Speedy Trial Violation [Doc. 89], and Defendant Smith-Wilson moved to join in this motion on December 8, 2022 [Doc. 99]. The Government responded in opposition on January 6, 2023 [Doc. 105]. Thereafter, the Court ordered Defendants to file reply briefs [Doc.109], which were filed on February 1 [Doc. 111] and 2 [Doc. 115], 2023. In their reply briefs, Defendants both requested an evidentiary hearing on this motion. The parties appeared before the undersigned on February 8, 2023, for an evidentiary and motion hearing. Assistant United States Attorney Anne-Marie Svolto

---

[3] Following the August 2 trial continuance, both Defendants received new counsel [Docs. 71 & 75], and the trial was continued to January 17, 2023, to allow new counsel time to prepare for trial [Doc. 81]. Defendant Smith-Wilson requested and received a third attorney, Mr. Whalen [Doc. 86], requiring yet another trial continuance to April 4, 2023 [Doc. 88]. Defendants do not argue that these trial continuances violated their rights under the Speedy Trial Act or the Sixth Amendment.

6

appeared on behalf of the Government. Attorney Robert R. Kurtz represented Defendant Elie, and Attorney Mike Whalen represented Defendant Smith-Wilson. Both Defendants were also present.

At the February 8 hearing, Defendant Elie testified that between his January 5, 2022 arraignment and the filing of the joint motion to continue the trial on February 2, 2022, he met with his attorney Joshua Hedrick in person. He stated that Mr. Hedrick never asked him for permission to file a motion to continue the trial. Defendant Elie said he first learned about the motion to continue after his girlfriend viewed the docket on PACER and told him that his trial was moved from March 22, 2022, to August 9, 2022. He stated that Mr. Hedrick never advised him of his speedy trial rights and that he did not consent to the continuance of the March 22, 2022 trial date.

On cross-examination, Defendant Elie testified that Mr. Hedrick was appointed to represent him in January 2022 and remained his attorney until August or September 2022. He acknowledged that following the February 2022 trial continuance, he appeared in court with Mr. Hedrick a couple of times but did not ask the Court to reconsider the motion to continue. He also agreed that he never informed the Court of his objection to the continuance in a letter and that the instant Motion to Dismiss was the first time he had objected to the continuance of the March 22, 2022 trial date. Defendant Elie stated that he also objected to the continuance of the August 9 trial date to October 11, 2022, but that he did not make an objection on the record during the hearing.

Defendant Smith-Wilson testified he had not seen the February 2022 motion to continue the trial until the February 8, 2023 evidentiary hearing. He said he did not agree with continuing the trial from March 22, 2022, to August 9, 2022. Defendant Smith-Wilson said he objected to the continuance of the August 9 trial date during the hearing on that continuance. He said he also told his second attorney, Russell Greene, that he did not want the October 11, 2022 trial date to be continued. Defendant Smith-Wilson said he did not want the January 17, 2023 trial date to be

7

continued but did not have a choice given that Mr. Whalen was new to the case. He said he did not agree with any of the trial continuances in this case and that he wanted to go to trial as currently scheduled for April 2023.

On cross-examination, Defendant Smith-Wilson testified that his attorney Nakeisha Jackson never talked to him about the February 2022 motion to continue. He said that if the motion stated that he had no objection to a continuance, "that would be a lie." He agreed that Ms. Jackson was his attorney through the summer of 2022 and that she filed and litigated suppression motions on his behalf. Defendant Smith-Wilson stated that Mr. Whalen is his third attorney and that he understood that Mr. Whalen could not be prepared for trial within a few weeks of his appointment. On redirect examination, Defendant Smith-Wilson said that his conflict with his two prior attorneys was due to him not wanting his trial date moved.

Following the presentation of testimony and argument on the Motion to Dismiss, the Court took the motion under advisement.

## II.  ANALYSIS

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" U.S. Const., Amend. VI. The Speedy Trial Act requires that a criminal defendant be brought to trial within seventy (70) days of the filing of the indictment or from the date of the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act excludes from the speedy trial calculus certain enumerated periods of delay, such as delay relating to pretrial motions, § 3161(h)(1)(D); up to thirty days during which the court has a motion under advisement, § 3161(h)(1)(H); and delay resulting from a continuance when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).

The Court finds that Defendants Smith-Wilson and Elie will have been detained seventeen months and fifteen months respectively between the filing of the original Indictment on November 17, 2021, and the current trial date of April 4, 2023. Defendants argue that the delay in trial occasioned by the trial continuances on February 22 and August 2, 2022, violated their statutory and constitutional rights to a speedy trial. The Court finds that both the facts and the law show the Defendants' rights were upheld.

### A. Speedy Trial Act

Defendants Elie and Smith-Wilson argue their charges must be dismissed due to a violation of the Speedy Trial Act. They contend that the seven-month delay[4] of the trial from March 22, 2022, to October 11, 2022, violates the Act, because they did not consent to defense counsel requesting the February 2022 continuance and did not consent or, in the case of Defendant Smith-Wilson, actively objected to the Court's continuance in August 2022. Defendants argue that a trial continuance requires that they expressly waive their right to a speedy trial, which did not occur in this case. The Government responds that the continuances at issue were made at Defendants' request or to further the ends of justice. Moreover, it contends that, even taking as true the Defendants' assertion that they did not agree to the February 2022 motion to continue, the right to

---

[4] At the February 9 motion hearing, Defendants argued that the Court should calculate the delay in trial from the filing of the original Indictment, resulting in a conservative calculation of 229 days of delay to the August 2 arraignment or a liberal calculation of 265 days of delay until Mr. Kurtz's appointment on September 6, 2022. However, both of these calculations fail to account for the time needed to bring Defendant Elie into the case, *see* 18 U.S.C. § 3161(h)(6) (excluding a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run"); the minimum time needed to prepare following Mr. Hedrick's appointment at Defendant Elie's initial appearance, *see* § 3161(c)(1) (providing that "trial shall not commence less than thirty days from the date on which the defendant first appears through counsel"); or the time required for Defendant Smith-Wilson to file and litigate three pretrial motions, *see* § 3161(h)(1)(D) and –(H). Given these factors, the Court will measure the delay based upon the two continuances from March 22 to August 9 and from August 9 to October 11, 2022, a delay of 204 days or a little under seven months.

a speedy trial belongs to the public as well as the Defendants. Thus, it maintains that the Court must balance all the competing interests, including defense counsel's need for time to provide effective representation, in deciding whether to continue the trial.

As stated above, the Speedy Trial Act requires that a criminal defendant be brought to trial within seventy days of indictment or initial appearance. 18 U.S.C. § 3161(c)(1). "If a defendant is not brought to trial within the time limit required by section 3161(c) *as extended by section 3161(h)*, the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2) (emphasis added). Although dismissal for a violation of the statute is mandatory, the Court has discretion to determine whether dismissal is with or without prejudice to reindict the defendant. *Zedner v. United States*, 547 U.S. 489, 499 (2006). The defendant bears the burden of proving a violation of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2). In the instant case, the Court finds Defendants Elie and Smith-Wilson fail to carry that burden.

At the February 9 hearing, Defendant's argued that the Speedy Trial Act requires that they make "an explicit waiver" of their speedy trial rights and consent to the continuance, which did not happen in this case. Defense counsel acknowledged that they were not aware of any authority in support of this contention. The Supreme Court has held that the Speedy Trial Act makes no provision for a defendant to simply waive the Act's application:

> Conspicuously, § 3161(h) has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one. Instead of simply allowing defendants to opt out of the Act, the Act demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h).

*Zedner*, 547 U.S. at 500 (holding that a defendant may not prospectively waive the application of the Speedy Trial Act). The Court observed that the absence of a waiver provision supports the Act's purpose to protect not only a defendant's right to a speedy trial but the public's interest as

10

well.  *Id.* at 500–01.  Thus, pursuant to the express terms of the Act, for the Court to grant an ends-of-justice continuance, it must find "that the ends of justice served . . . outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

Implicit in Defendants' argument is the premise that defense counsel may not seek a continuance without his or her client's consent.  "For certain fundamental rights, the defendant must personally make an informed waiver."  *New York v. Hill*, 528 U.S. 110, 114 (2000).  Among these are the right to counsel and the right to enter into a plea agreement or proceed to trial.  *Id.* (citations omitted); *see also Florida v. Nixon*, 543 U.S. 175, 187 (2004) (concluding a criminal defendant enjoys "the ultimate authority to determine whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal. Concerning those decisions, an attorney must both consult the defendant and obtain consent to the recommended course of action").  However, "[t]he adversary process could not function effectively if every tactical decision required client approval."  *Taylor v. Illinois*, 484 U.S. 400, 418 (1988).  Defense counsel "'has—and must have—full authority to manage the conduct of the trial,'" to include choosing the arguments to pursue, making evidentiary objections, and stipulating to evidence or exhibits.  *Hill*, 528 U.S. at 115 (quoting *Taylor*, 484 U.S. at 417–18 & other citations omitted).  "[W]here an attorney seeks a continuance without the client's approval, [the Sixth Circuit] has held that the Speedy Trial Act 'does not require a defendant's consent to the continuance' in order for a judge to be able to grant a motion in furtherance of the ends of justice."  *United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010) (quoting *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009) (finding the Speedy Trial Act does not require the defendant's express consent)).

"Scheduling matters are plainly among those for which agreement by counsel generally controls."  *Hill*, 528 U.S. at 115 (holding that defendant may not subsequently challenge defense counsel's agreement to a delay in trial outside the 180 days permitted by the Interstate Agreement

11

on Detainers Act ("IAD")). Thus, while counsel may not waive the protections inherent in the IAD,

> only counsel is in a position to assess the benefit or detriment of the delay to the defendant's case. Likewise, only counsel is in a position to assess whether the defense would even be prepared to proceed any earlier. Requiring express assent from the defendant himself for such routine and often repetitive scheduling determinations would consume time to no apparent purpose.

*Id.* (discussing counsel's waiver of the 180-day time in which defendant must be brought to trial under the IAD). Although made in the context of the IAD, courts have applied this holding in the context of the Speedy Trial Act. *United States v. Gates*, 709 F.3d 58, 65–66 (1st Cir. 2013) (holding "a defendant's lawyer may seek a continuance and the concomitant exclusion of time for STA purposes without first securing the defendant's personal consent") (collecting cases); *United States v. Fields*, 39 F.3d 439, 443 (3rd Cir. 1994) (declining to dismiss the indictment based on defendant's challenge to continuances sought by defense counsel); *United States v. Glynn*, No. 3:13–00059, 2017 WL 816826, *6–7 (M.D. Tenn. Mar. 2, 2017) (applying the above quoted language from *Hill* to the Speedy Trial Act); *United States v. Troy*, 564 F. Supp. 2d 42, 46–47 (D. Me. 2008) (observing a trial "continuance does not rise to the level of such a basic and fundamental right as would require [defendant's] consent").

Finally, the Court observes the Speedy Trial Act, like the IAD, permits an ends-of-justice continuance "at the request of defendant *or* his counsel[.]" 18 U.S.C. § 3161(h)(7)(A) (emphasis added); *see Hill*, 528 U.S. at 115 (holding that because the "text of the IAD . . . allow[s] the court to grant 'good-cause continuances' when either 'prisoner or his counsel' is present, it contemplates that scheduling questions may be left to counsel"). Accordingly, the Court finds that Defendants Elie and Smith-Wilson cannot show a violation of the Speedy Trial Act based upon a motion by

12

defense counsel merely because the Defendants state they personally did not agree with counsels' decision to request a continuance.[5]

Additionally, the Court questions the Defendants' assertion that they objected to a continuance of the March 22 trial date. As the Government aptly pointed out, Defendants appeared before the Court on several occasions after the continuance of the March 22 trial date and made no objection to the delay in trial or request for an earlier trial date. Moreover, a defendant cannot later challenge an ends-of-justice continuance when "his counsel specifically consented to the exclusion of this time in the interest of justice and waived any objections thereto." *United States v. Monroe*, 883 F.2d 95, 99 (6th Cir. 1987). Here, the motion to continue states that "the right to a speedy trial has been previously explained to the Defendant, who is in custody, and he understands that the period between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes" [Doc. 32 p. 2]. Such stipulations in a motion for a trial continuance support a finding that defendant has waived any objection to the excluded delay. *United States v. Hudson*, No. 2:17-cr-20524, 2018 2012WL 4365328, at *2 (E.D. Mich. Sept. 13, 2018).

With regard to the August 2, 2022 continuance, this continuance was made on the Court's own motion and over Defendant Smith-Wilson's objection. The Court set forth the reasons why this short, two-month continuance furthered the ends of justice [Doc. 67 pp. 5–6]. The Court

---

[5] The Court notes that there may be exceptional occasions when the attorney's consent to a continuance can be challenged, such as "a lawyer's intentional foot-dragging for his own purposes and to his client's detriment." *Gates*, 709 F.3d at 66, *see also Hill*, 528 U.S. at 115 (observing that "[a]bsent a demonstration of ineffectiveness, counsel's word on [the need for a continuance under the IAD] is the last"). The Court has no evidence that defense counsel in this case requested a continuance for any such improper purpose. Moreover, an attorney has an ethical duty to keep his or her client informed of case developments, and the failure to do so often impairs the attorney-client relationship. *See* Tenn. S. Ct. R. 8, R. Prof. Resp 1.4 (a)(3) (providing that an attorney must "keep the client reasonably informed about the status of the matter").

13

observed that counsel for both parties needed additional time to prepare for trial in light of the recent Superseding Indictment, filed on July 20, 2023, twenty days before the August 9 trial date. Although the filing of a superseding indictment is not automatically a basis for a trial continuance, here the Court questioned whether defense counsel would have time to review the discovery related to the new allegations and charges in preparation for the August 9 trial date, even if the Government disclosed the discovery right away [*Id.* at 5]. Moreover, the case was reassigned to District Judge Crytzer eighteen days before the August 9 trial date [*See* Doc. 62]. The undersigned found that the failure to continue the trial would result in a miscarriage of justice or render the trial impossible because the deadlines for motions in *limine* and special jury instruction requests had passed and insufficient time to summon jurors remained before trial [*Id.*]. The Court again finds that a trial continuance comports with the Speedy Trial Act for these reasons.

Finally, the Court observes that Defendants Elie and Smith-Wilson have not demonstrated any prejudice from the delay in trial caused by the February and August continuances. In order to warrant dismissal of the charges for a violation of the Speedy Trial Act, a defendant must show "actual prejudice." *United States v. Richardson*, 681 F.3d 736, 743 (6th Cir. 2012). In *Richardson*, the court observed that defendant "has not shown that the continuances he contests—most of which he requested—prejudiced him in any way." The same is true here. The only prejudice asserted by Defendants is that while detained, they had limited access to a law library and were not readily able to assist with their defense. However, both Defendants were detained following detention hearings [Docs. 14, 52]. Thus, the Court finds that they would have had the same pretrial access to legal materials and the same limitations on their ability to meet with counsel had they been tried on March 22, 2022; August 9, 2022; or on April 4, 2023, as presently scheduled. In other words, this alleged prejudice is a function of their detention, not the delay in trial.

In summary, the Court finds first that the Superseding Indictment should not be dismissed, because Defendants have failed to show a statutory violation has occurred.

### B. Constitutional Right to a Speedy Trial

Defendants Elie and Smith-Wilson also argue that the failure to bring them to trial in the fifteen months since their Indictment violates their Sixth Amendment right to a speedy trial. The Supreme Court has provided a four-factor balancing test to determine whether the constitutional right to a speedy trial has been infringed, requiring courts to weigh the following: (1) the "[l]ength of delay," (2) "the reason for the delay," (3) "the defendant's assertion of his right," and (4) "prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). No single factor is determinative but, instead, all four factors must be considered together, along with other relevant circumstances. *Id.* at 533.

*(1) Length of Delay*

The initial factor, length of delay, serves as a "triggering mechanism" for the court to assess whether to engage the balancing test. *Id.* at 530. "A delay approaching one year is presumptively prejudicial." *United States v. Robinson*, 455 F.3d at 602, 607 (6th Cir. 2006) (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)). In the instant case, the Defendants' trial has not occurred within the fifteen months since the filing of the Indictment on November 17, 2021, and an additional six weeks remain until the April 4, 2023 trial date. Accordingly, the delay in this case is presumed to be prejudicial.

*(2) Reason for Delay*

The Court next evaluates the reason for the delay in trial. "Governmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh in favor of the government." *Robinson*, 455 F.3d at 607. "A more neutral reason

15

such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker*, 405 U.S. at 531. Here, although the Government sought a Superseding Indictment shortly before the August 9 trial date, the Court finds the bulk of the delay lies with the Defendants because they requested four continuances (in an oral motion at the January 5, 2022 arraignment, in the February 2, 2022 motion [Doc. 32], and in two additional motions filed on September 13, 2022 [Doc. 76] and October 27, 2022 [Doc. 87]). Additionally, the delay between the filing of defense motions through the ruling thereon accounts for approximately seven months of delay. The Court finds the reasons for delay in the trial weighs against finding a speedy trial violation.

### (3) Defendants' Assertion of Speedy Trial Right

The third factor is the defendant's assertion of his right to a speedy trial. The defendant's demand for a speedy trial "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right," but the defendant's "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 531-32. Here, Defendant Smith-Wilson first objected to a trial continuance on August 2, 2022. Even considering this objection to be a demand for a speedy trial, the Court finds that it came over eight and one-half months after the inception of this case and after two agreed trial continuances. Defendant Elie did not assert his right to a speedy trial until the filing of the instant motion on December 10, 2023. Thus, the Court finds this factor weighs against finding a violation.

### (4) Prejudice to Defendants

Finally, the Court examines the prejudice to Defendants from the failure to bring them to trial in sixteen and one-half months. Prejudice must be evaluated in relation to the interests the right to a speedy trial was designed to protect: (1) the prevention of "oppressive pretrial

16

Case 3:21-cr-00149-KAC-DCP   Document 122   Filed 02/21/23   Page 16 of 17
PageID #: 640

incarceration," (2) the minimization of the defendant's "anxiety and concern," and (3) the desire to limit the possible impairment of a defense. *Barker*, 407 U.S. at 532. As discussed above with regard to the alleged statutory violation, Defendants assert no actual prejudice. The Defendants have presented no evidence or even argument that the delay in trial has caused anxiety or concern or has impaired a defense. The Court finds this factor favors a finding that no speedy trial violation has occurred.

Weighing the factors as a whole, the Court finds that Defendants' constitutional rights to a speedy trial have not been violated by the delay in trial.

## III. CONCLUSION

After review of the parties' filings and arguments, the procedural history, the evidence presented at the motion hearing, and the relevant law, the Court finds no statutory or constitutional violation of the Defendants' rights to a speedy trial. Accordingly, the undersigned respectfully **RECOMMENDS** that the Defendants' Motion to Dismiss for Speedy Trial Violation [Doc. 89] be denied.[6]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[6] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to appeal the District Court's order. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir.), *cert. denied*, 555 U.S. 1080 (2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). "[T]he district court need not provide *de novo* review where objections [to this report and recommendation] are [f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).