UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:21-CR-149-KAC-DCP |
| | ) | |
| DEONDRE KENYETTA ELIE, and | ) | |
| DARTAVIA DEVON SMITH-WILSON, | ) | |
| Defendants. | ) | |

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

This criminal case is before the Court for consideration of the "Report and Recommendation" ("Report") issued by United States Magistrate Judge Debra C. Poplin, [Doc. 122], recommending that the Court deny the "Motion to Dismiss for Speedy Trial Violation" filed by Defendant Deondre Kenyetta Elie and joined by Defendant Dartavia Devon Smith-Wilson [*See* Docs. 89, 99, 124]. Judge Poplin held a hearing on the motion, [*See* Doc. 119], received Defendants' replies, [*See* Docs. 111, 115], and then issued the Report, [Doc. 122]. The Report recommends that the Court deny the "Motion to Dismiss for Speedy Trial Violation," [Doc. 89], because "[a]lthough the . . . total length of time that the Defendants have been in pretrial detention is prejudicial because it exceeds one year, . . . the delay in trial [does not] violate[] Defendants' . . . right to a speedy trial," [Doc. 122 at 2]. Defendant Elie objected to the Report [*See* Doc. 128]. Defendant Smith-Wilson did not. For the reasons set forth below, the Court **ADOPTS** the Report, [Doc. 122], **OVERRULES** Defendant Elie's objections to the relevant portions of the Report, [Doc. 128], and **DENIES** the "Motion to Dismiss for Speedy Trial Violation," [Doc. 89].

## I. Background

On October 26, 2021, a Criminal Complaint was issued charging both Defendant Elie and Defendant Smith-Wilson with (1) conspiracy to distribute 100 grams or more of heroin, (2) possession with intent to distribute 100 grams or more of heroin, and (3) possession of firearms in furtherance of a drug trafficking crime [*See* Doc. 3]. On November 3, 2021, Defendant Smith-Wilson made an initial appearance on the Complaint [Doc. 4].

On November 17, 2021, the Grand Jury returned a six-count Indictment charging both Defendants with conspiracy to distribute 100 grams or more of heroin from May 1, 2021 to September 15, 2021 (Count One); distributing heroin on or about May 28, 2021 (Count Two); and possessing firearms in furtherance of a drug trafficking crime, Count One, on or about September 15, 2021 (Count Six) [*See* Doc. 17 at 1-3]. The Indictment further charged Defendant Elie with distributing heroin on or about June 11, 2021 (Count Three) and on or about September 1, 2021 (Count Five) [*See* Doc. 17 at 1-2]. Defendant Smith-Wilson was also charged with distributing heroin on or about July 20, 2021, while aided and abetted by another (Count Four) [*See* Doc. 17 at 2]. The matter was initially assigned to United States District Judge R. Leon Jordan.

On January 5, 2022, the Court held an initial appearance and arraignment on the Indictment for both Defendants [*See* Doc. 22]. The Court appointed Attorney Joshua D. Hedrick to represent Defendant Elie and Assistant Federal Defender Nakeisha C. Jackson to represent Defendant Smith-Wilson [*See* Doc. 22]. Mr. Hedrick made an oral motion to continue the trial beyond the seventy (70) days allotted by the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, *et seq*., to permit him to review discovery and prepare the case for trial [*See id.*]. Ms. Jackson joined this motion [*See id.*]. The Court concluded that the ends of justice were served by a continuance and set the trial for March 22, 2022, with all time between the January 5, 2022 arraignment and the March 22, 2022

trial fully excludable under the STA [Doc. 30 at 2-3]. At that time, forty-eight (48) days had elapsed under the STA, and twenty-two (22) days remained. *See* 18 U.S.C. § 3161(c)(1) (providing that trial must commence within seventy (70) days from the date of the indictment or a defendant's first appearance, whichever is later).

On February 2, 2022, Defendants filed an "Unopposed Joint Motion to Continue Motion Deadline and Trial Date," [Doc. 32], stating that counsel required "additional time to discuss and fully review the Discovery with the Accused," [Doc. 32 at 1]. Defendants requested a continuance of sixty (60) to ninety (90) days [*Id.* at 2]. The Court concluded that a continuance furthered the ends of justice and granted Defendants' request on February 22, 2022, continuing the trial to August 9, 2023 [Doc. 34 at 1]. The Court concluded that all time between February 2, 2022 and August 9, 2022 was excludable under the STA [*Id.* at 2].

On July 11, 2022, both Defendants filed unopposed motions to extend the plea deadline but neither Defendant sought to continue the trial [*See* Docs. 54, 55]. On July 13, 2022, Judge Jordan granted Defendants' motions and extended the plea deadline from July 11, 2022 to July 18, 2022 [*See* Docs. 57, 58]. No plea agreements were filed. Counsel then appeared before Judge Poplin for a pretrial conference on July 19, 2022 [*See* Doc. 59]. At the pretrial conference, counsel for the Government "informed the Court that the government would be seeking a superseding indictment the following day and intended to add new charges and to revise the current charges" [Doc. 67 at 2-3]. On July 20, 2022, the Grand Jury returned a Superseding Indictment, [Doc. 60], which added the distribution of fentanyl to the controlled substances charges in Counts One through Five and added a count for being a felon in possession of a firearm and ammunition against Defendant Smith-Wilson (Count Seven) and Defendant Elie (Count Eight), respectively [Doc. 60 at 3]. On July 22, 2022, this case was reassigned to the undersigned [Doc. 62].

3

Defendants appeared for an arraignment on the Superseding Indictment on August 2, 2022 [*See* Doc. 63]. At the arraignment, the Court reset the trial to October 11, 2022 on the undersigned's calendar [Doc. 67 at 3]. Ms. Jackson stated that Defendant Smith-Wilson opposed the new trial date and wanted to proceed to trial on August 9, 2022 [*Id.*]. The Court noted Defendant Smith-Wilson's objection but explained that a "brief, two-month continuance [was] necessary based on the unique circumstances in this case," including the filing of a superseding indictment, the need for defense counsel "to receive and review any new discovery related to the changes brought by the superseding indictment," the fact that the "deadlines for motions *in limine* and for requests for special jury instructions had expired," the reassignment of the case "to a new District Judge two and one-half weeks before the August 9 trial date," and the difficulties associated with summoning a jury in one week [Doc. 67 at 5]. The Court expressly concluded that all time between the August 2, 2022 arraignment and the new trial date of October 11, 2022 was fully excludable under the STA [*Id.* at 6].

Defendant Smith-Wilson received new counsel on August 12, 2022, [Doc. 71], and Defendant Elie received new counsel on September 8, 2022, [Doc. 75]. The trial was continued to January 17, 2023 on Defendant Elie's motion so new counsel for both Defendants could prepare for trial [Doc. 81]. Defendant Smith-Wilson then received a third attorney on October 25, 2022, [Doc. 86], requiring another trial continuance to April 4, 2023—the current trial date, [Doc. 88].[1]

On December 2, 2022, Defendant Elie filed the instant "Motion to Dismiss for Speedy Trial Violation" [Doc. 89]. Defendant Smith-Wilson moved to join Defendant Elie's Motion [*See* Doc. 99]. The Court granted Defendant Smith-Wilson's Motion [*See* Docs. 122, 124]. Judge

---

[1] Defendants have not claimed that the continuances related to the appointment of new counsel violated their rights under the STA or Sixth Amendment.

4

Poplin held a hearing on the Motion to Dismiss, [*see* Doc. 119], received Defendants' replies, [*see* Docs. 111, 115], and issued the Report, [Doc. 122], recommending that the Court deny the Motion, [Doc. 89]. Defendant Elie filed objections to the Report [Doc. 128]. Defendant Smith-Wilson did not. Defendant Elie argues that "on August 2, 2022 the ends of justice continuance should have only been applied to the new charge in the [S]uperseding [I]ndictment ([C]ount [E]ight), not the original charges," leaving Counts One, Two, Three, Five, and Six against him—as amended—to be tried on August 9, 2022 and Count Eight to be tried at a later time [*Id.* at 2]. He also argues that under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), his Sixth Amendment speedy trial right was violated by the delay in trying his case [*See id.* at 4-5].

## II. Analysis

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a timely objection is made under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim P. 59(b)(3) ("district judge must consider de novo any objection to the magistrate judge's recommendation"). However, the Court need not engage in de novo review of undisputed portions of the Report. *See Mira*, 806 F.2d at 637.

Here, because Defendant Smith-Wilson did not dispute any portion of the Report and the findings and recommendations in the Report are well-founded, the Court adopts the Report in full as to him. And the Court separately addresses Defendant Elie's specific objections.

5

### A. The Speedy Trial Act

The STA requires that a criminal defendant be brought to trial within seventy (70) days of the later of the filing of the indictment or a defendant's initial appearance. *See* 18 U.S.C. § 3161(c)(1). However, the Act excludes certain periods of time from that clock, including delay resulting from a continuance where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Filing a superseding indictment does not restart the speedy trial clock on existing charges. *Sylvester v. United States*, 868 F.3d 503, 508–09 (6th Cir. 2017); *see also United States v. Rojas-Contreras*, 474 U.S. 231, 240 (Blackmun, J., concurring). However, Section "3161(h)(7), which governs 'ends-of-justice continuances' . . . gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 498-99 (2006); *United States v. Elsea*, No. 2:20-CR-00074, 2022 WL 552125, *2 (E.D. Tenn. Feb. 23, 2022) (quoting *Zedner*, 547 U.S. at 498-99). This provision allows the Court to continue a trial—and exclude periods of delay—on the Court's own motion when the failure to continue the trial would likely "make a continuation of such proceeding impossible[] or result in a miscarriage of justice" or when additional time is needed for the Parties' diligent trial preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). "To conduct a proper ends-of-justice analysis when granting a continuance, a district court must state in the record, either orally or in writing, its reasons for determining that granting the continuance outweighs the public's and the defendant's interest in a speedy trial, based on the factors set forth in (h)(7)(B)." *United States v. Stone*, 461 F. App'x 461, 464 (6th Cir. 2012) (citing 18 U.S.C. § 3161(h)(7)(A)). "The court does not have to give its reasons contemporaneously with the grant of the continuance; it need only give

the reasons no later than the ruling on the defendant's motion to dismiss on Speedy Trial Act grounds." *Id.* (citing *United States v. Crawford*, 982 F.2d 199, 204 (6th Cir. 1993)).

In his Objections, Defendant Elie specifically argues that "on August 2, 2022 the ends of justice continuance should have only been applied to the new charge in the superseding indictment (count eight), not the original charges" because "[t]he filing of a superseding indictment does not restart the speedy trial clock as to offenses charged in the original indictment" [Doc. 128 at 2 (citing *Sylvester*, 868 F.3d at 508-09)]. Following this logic, Defendant Elie asserts that the "time between August 2, 2022, and the new trial date of October 1, 2022 was not fully excludable as to the original charges," meaning that "eighty-three (83) non-excludable days elapsed" [Doc. 128 at 2].

But the Court did not automatically "restart the speedy trial clock" on the original charges based solely on the filing of the Superseding Indictment. Rather, the Court continued the trial on its own motion after considering a number of factors on the record, just one of which was the filing of the Superseding Indictment. The Court also considered (1) the fact that "deadlines for motions *in limine* and for requests for special jury instructions had expired," (2) the fact that "defense counsel had only one week before the August 9 trial date to receive and review any new discovery related to the changes brought by the Superseding Indictment"—including changes to Counts One, Two, Three, and Five, part of the so-called original charges—, (3) the reassignment of the case "to a new District Judge two and one-half weeks before the August 9 trial date," and (4) the difficulties associated with summoning and qualifying a jury in one week [Doc. 67 at 5]. The Court concluded "that it would be impossible to proceed to trial on August 9 and that even a three-week continuance would likely result in a miscarriage of justice" [Doc. 67 at 5-6]. These reasons, stated on the record, were sufficient for the Court to grant a continuance on its own motion because "the ends

7

of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7); *Zedner*, 547 U.S. at 498-99; *Stone*, 461 F. App'x at 464. Accordingly, the Court **OVERRULES** Defendant Elie's objection, [*see* Doc. 128], and **ADOPTS** the relevant portion of the Report, [Doc. 122].

### B. Sixth Amendment Right to a Speedy Trial

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In *Barker v. Wingo*, the Supreme Court offered four factors to evaluate in determining whether a defendant's Sixth Amendment rights were violated. 407 U.S. at 530-31. Under *Barker*, the Court considers: (1) the length of the trial delay; (2) the reason for the delay; (3) whether and how the defendant asserted his Sixth Amendment right to a speedy trial; and (4) any prejudice to the defendant due to the delay. *Id.* No factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id.* at 533. Instead, the factors "must be considered together" with other relevant circumstances. *Id.*

Defendant Elie argues that the *Barker* test supports his Sixth Amendment claim [Doc. 128 at 4]. It does not. First, the over-sixteen-month delay in this case is presumptively prejudicial—a threshold requirement weighing in Defendant Elie's favor. *See United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) ("A delay approaching one year is presumptively prejudicial."). But second, the bulk of the delay in this case, including delay from January 5, 2022 to August 9, 2022 and October 11, 2022 to April 4, 2023 (approximately 391 days), is attributable to Defendants, weighing against Defendant Elie. *See United States v. Zabawa*, 719 F.3d 555, 563 (6th Cir. 2013).

Third, Defendant Elie did not assert his right to a speedy trial until he filed the instant Motion in December 2022, well after the majority of the purported delay had already occurred. Defendant Elie argues that his "testimony [at the hearing on this Motion] indicates that he did in

fact assert his right to a speedy trial" earlier but "did not feel that he had the opportunity to interrupt proceedings to assert his right" [Doc. 128 at 4]. However, on cross-examination during the hearing, Defendant Elie "agreed that he never informed the Court of his objection to the continuance in a letter and that the instant Motion to Dismiss was the first time he had objected to the continuance of the March 22, 2022 trial date" and that he "also objected to the continuance of the August 9 trial date to October 11, 2022, but . . . did not make an objection on the record during the hearing" [Doc. 122 at 7]. Even if Defendant Elie harbored some objection to the continuances behind the scenes, he did not assert his right to a speedy trial before the Court until filing the instant Motion. This counsels against finding a Sixth Amendment violation. *See Barker*, 407 U.S. at 532 ("[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."); *United States v. Thomas*, 167 F.3d 299, 305 (6th Cir. 1999) ("A defendant's failure to assert his rights in a timely fashion weighs heavily against his Sixth Amendment claim.").

Finally, the last *Barker* factor requires Defendant Elie to "show that substantial prejudice has resulted from the delay" in trying this case—something he cannot do. *See United States v. Robinson*, 455 F.3d 602, 608 (6th Cir. 2006) (citations and quotations omitted). "If the government 'prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced with specificity will not make out a speedy trial claim no matter how great the ensuing delay.'" *Id.* (quoting *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000)). Here, Defendant Elie asserts that he has been prejudiced by the delay because he "has been in pretrial incarceration for more than one year in difficult conditions" and "[t]he stress and anxiety around unresolved felony charges in federal court and the very real risk of years in prison have had a significant detrimental effect on Mr. Elie" [Doc. 128 at 4-5]. While pretrial incarceration can cause stress and anxiety, Defendant Elie has not shown any substantial prejudice resulting from

any delay in trying this case. The United States has acted diligently in prosecuting the case, and the bulk of any delay associated with this case rests on Defendants. Moreover, there is no evidence that any delay prejudiced Defendant Elie's defense. Accordingly, the *Barker* factors weigh against any conclusion that Defendant Elie's Sixth Amendment rights were violated, and the Court **OVERRULES** Defendant Elie's objection, [*See* Doc. 128], and **ADOPTS** the relevant portion of the Report, [Doc. 122].

### III. Conclusion

For the reasons stated above, the Court **OVERRULES** Defendant Elie's "Objections to Report and Recommendation," [Doc. 128]; **ADOPTS** the "Report and Recommendation" as to both Defendants Elie and Smith-Wilson [Doc. 122]; and **DENIES** the "Motion to Dismiss for Speedy Trial Violation," [Doc. 89].

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

10