IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-149-KAC-DCP |
| | ) | |
| DEONDRE KENYETTA ELIE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The parties came before the undersigned on March 21, 2023, for a motion hearing on the Second Motion to Review Appointment of Counsel [Doc. 137], filed by court-appointed counsel Attorney Robert R. Kurtz on March 19, 2023, and referred [Doc. 138] to the undersigned on the following day. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorney Kurtz appeared with Defendant Elie. Attorney Donny M. Young, a CJA Panel member, also appeared at the Court's request.

The Court substituted Mr. Kurtz as Defendant Elie's counsel of record on September 6, 2022 [Doc. 75]. Defendant and Mr. Kurtz appeared on March 3, 2023, on a prior motion to review the attorney-client relationship. Following a sealed hearing to review the issues in the attorney-client relationship, Defendant chose to continue with Mr. Kurtz as his attorney [Doc. 127]. The trial of this case is set for April 4, 2023.

In the instant motion, Mr. Kurtz asks the Court to review the attorney-client relationship because Defendant believes counsel has provided ineffective assistance and wants the Court to appoint new counsel. The motion relates that Defendant's stance on these issues has caused a breakdown in communication. At the hearing, Mr. Kurtz said the issues raised in the March 3 hearing have escalated. He related that Defendant faults counsel for not filing certain pretrial

motions and for a lapsed plea deadline. Mr. Kurtz stated that Defendant disagrees with his interpretation of the law and procedural and evidentiary rules and that he and Defendant also disagree on trial strategy. He stated that Defendant's allegations of ineffective assistance of counsel present an ethical challenge for counsel's continued representation. Mr. Kurtz requested a sealed hearing for the Court to hear Defendant's position. He did not object to Mr. Young remaining in the sealed hearing.

AUSA Svolto expressed concerns about the motion, observing that Mr. Kurtz is Defendant's second attorney, that the trial is two weeks away, and that Defendant and Codefendant Smith-Wilson have already litigated a motion to dismiss the charges due to alleged speedy trial violations. Ultimately, she stated the Government defers to the Court on this matter.

A defendant seeking the substitution of court-appointed counsel must show good cause for the substitution, such as an actual conflict of interest, a complete breakdown in communications between attorney and client, or an irreconcilable break in the attorney-client relationship. *United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (citing *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985)). When a defendant states that he or she is dissatisfied with counsel, the Court must examine the defendant's contentions to determine if good cause exists to grant substitute counsel. *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009). In assessing good cause, the Court considers (1) the timeliness of the request for new counsel, (2) the extent of the problem between the attorney and the defendant, including whether the rift is so great that it prevents an adequate defense, and (3) the balance between the defendant's interest in new counsel and "'the public's interest in the prompt and efficient administration of justice.'" *Id.* (quoting *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)).

2

Here, the Court conducted a sealed, *ex parte* inquiry to learn the nature and extent of the problems in the attorney-client relationship. Without going into the confidential details of that discussion, the Court concludes that Defendant has failed to show good cause for the substitution of counsel. First, Defendant's request for substitution of counsel is untimely, occurring two weeks before the trial date. *See United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999) (finding motion to substitute made two weeks before trial to be untimely). Substitution of counsel at this time would assuredly require a trial continuance to allow new counsel time to review discovery and prepare for trial.

Second, the Court finds that despite the differences raised at the March 3 hearing, counsel and Defendant were still communicating and working toward the resolution of the case. After a lengthy, sealed inquiry, the Court finds that the current breakdown in communication is caused by Defendant's unwillingness to work with counsel. Mr. Kurtz has zealously defended Defendant Elie, litigating numerous pretrial motions including a motion to dismiss the case for violations of the right to a speedy trial. "A defendant's refusal to cooperate does not constitute good cause for substitution of counsel." *Lassetti v. Burgess*, No. 18-14052, 2022 WL 791400, at *5 (E.D. Mich. Mar. 14, 2022) (determining the state appellate court, which found the tension in the attorney-client relationship "'arose from [defendant's] persistent, and in some instances willful, misapprehensions of the law and misrepresentations of the record,'" "reasonably determined that [defendant] failed to establish good cause for appointing new counsel").

Finally, the Court finds that the public's interest in the prompt and efficient administration of justice outweighs Defendant's interest in new counsel. Here, both Defendant and his codefendant have asserted their right to a speedy trial. All parties have been preparing for trial. For these reasons, the Court finds the public's and the parties' interest in proceeding to trial on

April 4, 2023 are weighty. On the other side of the balance, the Court gives little weight to Defendant's interest in new counsel because it finds that Defendant would experience the same disagreements with a new attorney. Thus, the Court finds that all three of the *Vasquez* factors weigh against the substitution of counsel. Defendant's request for the appointment of substitute counsel [**Doc. 137**] is **DENIED**.

During the sealed portion of the hearing, Defendant informed the Court that he would rather represent himself than continue to be represented by Mr. Kurtz. Following the Government's return and with the hearing unsealed, the Court advised Defendant of the risks and perils of self-representation, using the litany provided in *United States v. McDowell*, 814 F.3d 245, 251 (6th Cir. 1987) and the *Bench Book for United States District Judges* 1.02(C) (5th ed. 2007). The Court finds that Defendant Elie has not studied law or previously represented himself in a criminal case. AUSA Svolto reviewed the charges and the potential penalties. Defendant said he understood the charges against him and is aware of the potential penalties. Defendant is not familiar with the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, but he understands that he will be expected to follow these rules. The Court instructed and Defendant acknowledged that these rules will not be relaxed because he is representing himself. The Court strongly cautioned Defendant that he would be better off being represented by counsel.

Defendant told the Court that he did not want to give up his right to be represented by a lawyer, but merely wanted to file his own motions, while being represented by new counsel. However, Defendant has no right to hybrid representation, meaning he cannot both represent himself and be represented by counsel. *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004) ("It is well-settled that there is no constitutional right to hybrid representation"); *see also United States v. Green*, 388 F.3d 918, 922 (6th Cir. 2004). Moreover, the Court declines to permit

4

Defendant to file his own motions while represented by counsel because Defendant has had ample time to file pretrial motions through counsel, has no legal experience, and such is expressly prohibited by Local Rule 83.4(c).

The Court finds that Defendant has a meaningful choice between competent counsel (Mr. Kurtz) and representing himself. Defendant unequivocally informed the Court that he would rather represent himself in order to pursue the strategies of his defense that he so strongly desires than be represented by Mr. Kurtz. By rejecting Mr. Kurtz as counsel, Defendant necessarily chose to represent himself. *King v. Bobby*, 433 F.3d 483, 492 (6th Cir. 2006). The Court finds that Defendant Elie understands the perils of self-representation and, by his conduct and his statements at the hearing, knowingly and voluntarily waives his right to counsel. *See id.* at 493 (observing that a defendant who refused to work with appointed counsel and refused to represent himself was choosing by his conduct to represent himself). "[A] defendant cannot be permitted to stop the criminal justice process in its tracks by rejecting appointed counsel and refusing self-representation[.]" *Swiger v. Brown*, 86 F. App'x 877, 882 (6th Cir. 2004). Mr. Kurtz is **RELIEVED** of his representation of Defendant Elie, who is permitted to represent himself.[1]

The Court next considered the appointment of standby or elbow counsel in this case. The Court may appoint standby counsel to help the defendant and to represent the defendant if self-representation must be terminated. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975). Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant

---

[1] Mr. Kurtz stated that Defendant had hard copies of all discovery except for three video recordings of controlled drug purchases, which he had reviewed with Defendant. Mr. Kurtz provided the digital discovery to Mr. Young on a thumb drive and stated that he would provide a recently received audio recording and the rest of his file to Mr. Young on the following day.

5

is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Wiggins*, 465 U.S. at 178. Elbow counsel can "assist[] the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete" and can help "ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* at 183. The Court also observes that the appointment of elbow counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." *Id.* at 184.

With these principles in mind, the Court finds the appointment of elbow counsel in this case to be appropriate. Attorney Donny M. Young was present at the March 21 hearing and agreed to serve as elbow counsel.[2] The Court **APPOINTS** Mr. Young to serve as elbow counsel for Defendant pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. To the extent possible, Mr. Young shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. Mr. Young should help the Defendant overcome routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, which the Defendant has clearly indicated he wants to complete. Mr. Young may also, upon the Defendant's request, provide technical assistance in presenting the defense and preserving the record for appeal. The Court also asked Mr. Young to assist Defendant with electronic filing if needed.

In summary, the Court **ORDERS** as follows:

---

[2] Mr. Young stated that given the nearness of the trial, he would not be able to assume representation of Defendant at trial.

(1) Defendant has failed to show good cause for the substitution of counsel, and his Second Motion to Review Appointment of Counsel [**Doc. 137**] is **DENIED**;

(2) Defendant Elie, by his conduct and his statements at the hearing, knowingly and voluntarily waives his right to counsel. Defendant is **PERMITTED** to represent himself;

(3) Attorney Robert R. Kurtz is **RELIEVED** of his representation of Defendant Elie and **DIRECTED** to provide elbow counsel with all discovery and the Defendant's file;

(4) The Court **APPOINTS** Attorney Donny M. Young as elbow counsel for Defendant pursuant to the CJA; and

(5) This case remains set for trial before United States District Judge Katherine A. Crytzer on **April 4, 2023**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge