UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:21-CR-149-KAC-DCP |
| | ) | |
| DEONDRE KENYETTA ELIE and | ) | |
| DARTAVIA DEVON SMITH-WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on (1) Defendant Smith-Wilson's "Motion to Sever," [Doc. 142]; (2) Defendant Elie's pro se "Motion for Leave of Court to File Untimely Motion for Continuance of Trial Date and All Related Deadlines," [Doc. 143]; and (3) Defendant Elie's pro se "Motion to Continue Trial and Related Deadlines," [Doc. 144]. For the reasons stated below, the Court **DENIES** Defendant Smith-Wilson's "Motion to Sever," **GRANTS IN PART** Defendant Elie's "Motion for Leave to File Untimely Motion for Continuance," and **GRANTS IN PART** Defendant Elie's "Motion to Continue Trial and Related Deadlines."

I. **BACKGROUND**

On October 26, 2021, a Criminal Complaint was issued charging both Defendant Elie and Defendant Smith-Wilson with (1) conspiracy to distribute 100 grams or more of heroin, (2) possession with intent to distribute 100 grams or more of heroin, and (3) possession of firearms in furtherance of a drug trafficking crime [*See* Doc. 3]. On November 3, 2021, Defendant Smith-Wilson made an initial appearance on the Complaint [Doc. 4]. On November 17, 2021, the Grand Jury returned a six-count Indictment charging both Defendants with conspiracy to distribute 100 grams or more of heroin from May 1, 2021 to September 15, 2021 (Count One); distributing heroin

on or about May 28, 2021 (Count Two); and possessing firearms in furtherance of a drug trafficking crime (Count One) on or about September 15, 2021 (Count Six) [*See* Doc. 17 at 1-3]. The Indictment further charged Defendant Elie with distributing heroin on or about June 11, 2021 (Count Three) and on or about September 1, 2021 (Count Five) [*See* Doc. 17 at 1-2]. Defendant Smith-Wilson was also charged with distributing heroin on or about July 20, 2021, while aided and abetted by another (Count Four) [*See* Doc. 17 at 2].

On July 20, 2022, the Grand Jury returned a Superseding Indictment, [Doc. 60], which added fentanyl to the controlled substances charged in Counts One through Five and added a count for being a felon in possession of a firearm and ammunition against Defendant Smith-Wilson (Count Seven) and Defendant Elie (Count Eight), respectively [Doc. 60 at 3]. Defendants appeared for an arraignment on the Superseding Indictment on August 2, 2022 [*See* Doc. 63]. At the arraignment, the Court reset the trial to October 11, 2022 [Doc. 67 at 3].

Defendant Smith-Wilson received new counsel on August 12, 2022, [Doc. 71], and Defendant Elie received new counsel on September 8, 2022, [Doc. 75]. The trial was continued to January 17, 2023 on Defendant Elie's motion to allow new counsel for both Defendants time to prepare for trial [Doc. 81]. Defendant Smith-Wilson then received a third attorney on October 25, 2022, [Doc. 86], requiring another trial continuance to April 4, 2023—the current trial date, [Doc. 88]. On March 21, 2023, Defendant Elie requested and was given permission to represent himself [*See* Doc. 141]. The Court appointed Attorney Donny Young to serve as standby counsel [*See id.* at 6]. In light of this development, the Parties filed the instant motions.

On March 29, 2023, the Court held a final pretrial conference [*See* Doc. 155]. At the Conference, the Court took up the pending motions and heard argument from the Parties. In arguing his Motion to Continue pro se, Defendant Elie asserted, for the first time, that he suffers

2

Case 3:21-cr-00149-KAC-DCP   Document 157   Filed 03/30/23   Page 2 of 10   PageID #: 836

from serious mental health challenges, including schizophrenia and bipolar disorder, which may impact his ability to represent himself in this matter [*See* Doc. 155].

## II. DEFENDANT SMITH-WILSON'S MOTION TO SEVER [DOC. 142]

On March 23, 2023, Defendant Smith-Wilson filed his "Motion to Sever," [Doc. 142], asking the Court to try Defendant Smith-Wilson separate from Defendant Elie. In his motion, Defendant Smith-Wilson asserts that "a joint trial with an unprepared pro se co-defendant would prejudice" him and put him "at risk of having his co-defendant open doors for the government to introduce evidence the Government would otherwise be unable to introduce" [*Id.* at 2]. Further, Defendant Smith-Wilson argues that he is prejudiced because communication between counsel for the co-defendants before and during trial is "impossible" with a pro-se defendant [*See id.*]. Accordingly, Defendant Smith-Wilson asks that his trial be severed from Defendant Elie and that he be allowed to continue to trial as currently scheduled on April 4, 2023 [*See id.*; Doc. 155].[1]

The United States responded in opposition [Doc. 151]. It argues that "a strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts" and Defendant Smith-Wilson cannot show substantial, undue, or compelling prejudice [*See id.* at 2]. The United States asserts that a defendant is not entitled to a severance because the evidence against a co-defendant may be more damaging, one co-defendant may be more culpable than another, or a co-defendant is proceeding pro se [*See id.* at 2-4]. The United States asserts that Defendant Smith-Wilson can object to any inadmissible evidence, the Court can provide proactive and curative instructions to the jury, and Defendant Smith-Wilson can cross-examine Defendant Elie if Defendant Elie elects to testify and incriminates Defendant

---

[1] In one passage, Defendant Smith-Wilson's Motion seeks to "continue to trial on ***May*** 4, 2023" [Doc. 142 at 2 (emphasis added)]. But at the Conference, counsel confirmed that Defendant Smith-Wilson desired to proceed to trial on ***April*** 4, 2023 [Doc. 155].

3

Smith-Wilson, thereby curing any potential prejudice [*See id.* at 5]. Defendant Elie did not respond to the motion.

Defendant Smith-Wilson and the United States maintained their positions at the March 29 Conference. Both Parties asserted that the new information regarding Defendant Elie's potential mental health challenges did not change their arguments on severance.

There is a presumption in the federal system in favor of joint trials where defendants are properly indicted together and where the United States will elicit proof via the same evidence and proof of the same acts. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."); *United States v. Carver*, 470 F.3d 220, 238 (6th Cir. 2006). To overcome this presumption, a defendant seeking severance must show "substantial, undue, or compelling prejudice." *See United States v. DeFranco*, 30 F.3d 664, 669-70 (6th Cir. 1994). Severance should be granted only where it is shown "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Here, Defendant Smith-Wilson has not met his burden to overcome the strong presumption in favor of a proper joint trial at this time. **First**, a defendant is not entitled to severance merely because a co-defendant may be more culpable or the evidence against a co-defendant may be more damaging. *See United States v. Williams*, 711 F.2d 748, 751 (6th Cir. 1983). The Court will give proper preventative instructions, and if needed, will give proper curative instructions. **Second**, a co-defendant's pro se status alone does not require severance. *See United States v. Washington*, 565 F. App'x 458, 466 (6th Cir. 2014); *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002). Where a defendant is properly permitted to represent himself at trial, the Court will instruct the

jury to separately consider the evidence against each defendant. Such proactive instructions and any appropriate curative instructions are sufficient to eliminate any currently known or identified potential prejudice that may be suffered as a result of Defendant Elie's current pro se status. *See United States v. Washington*, 565 F. App'x 458, 466 (6th Cir. 2014); *United States v. Moreno*, 933 F.2d 362, 370 (6th Cir. 1991). **Third**, the fact that evidence will be introduced in this trial that might not be introduced against a particular Defendant in a severed trial does not mandate severance. *See United States v. Mehmood*, 742 F. App'x 928, 944 (6th Cir. 2018); *United States v. Fields*, 763 F.3d 443 (6th Cir. 2014). At this time and on this record, Defendant Smith-Wilson has not shown that the potential introduction of some unspecified evidence will prejudice him. And the introduction of evidence that reinforces what other evidence has already shown is not prejudicial. *See Mehmood*, 742 F. App'x at 944.

Accordingly, the Court **DENIES** Defendant Smith-Wilson's Motion to Sever at this time and on this record. **However, because adjudication of Defendant Elie's competency to represent himself at trial could impact this case, the Court grants Defendant Smith-Wilson leave to file a late motion to sever in the future, if necessary and appropriate.**

### III. DEFENDANT ELIE'S MOTION TO CONTINUE [DOCS. 143, 144]

As an initial matter, the Court **GRANTS IN PART** Defendant Elie's pro se "Motion for Leave of Court to File Untimely Motion for Continuance" [Doc. 143]. On the record at the March 29 Conference, Defendant Elie showed good cause to file his motion late based on his potential mental health challenges. *See* Fed. R. Civ. P. 45(b).

In substance, Defendant Elie's "Motion to Continue Trial and Related Deadlines" asks the Court to continue trial by ninety (90) days to allow him to "read and become familiar with all aspects of the case" and additional time to "mount a vigorous defense" [*See* Doc. 144 at 1].

5

Defendant Smith-Wilson filed a response indicating that he does not oppose Defendant Elie's motion "as long as Smith-Wilson can go to trial on April 4, 2023 as currently set," which amounts to an opposition under the circumstances [*See* Doc. 148 at 1]. Defendant Smith-Wilson's Response did not include any discussion of the Speedy Trial Act, but at the Conference, Defendant Smith-Wilson asserted his right to a speedy trial and continued to assert that he would oppose any continuance of his trial date [*See* Doc. 155].

The United States initially opposed Defendant Elie's Motion to Continue based on the record before the March 29 Conference [*See* Doc. 146]. However, after Defendant Elie raised issues concerning his mental health challenges, the United States rightfully amended its position [*See* Doc. 155]. The United States requested a brief continuance to allow the Parties to address potential competency issues [*See id.*].

The decision whether to grant a motion for continuance is within the discretion of the trial judge. *See Ungar v. Sarafite*, 376 U.S. 575, 589-90 (1964). The Court may extend a deadline for "good cause" upon a party's motion made "before the originally prescribed or previously extended time expires." Fed. R. Crim. P. 45(b)(1)(A). As is also relevant here, the Speedy Trial Act (STA) requires that a criminal defendant be brought to trial within seventy (70) days of the later of the filing of the indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1).[2] However, the Act excludes certain periods of time from the speedy trial clock, including but not limited to:

> (1)(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant; …
> (4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial. …

---

[2] The Court has already adjudicated a speedy-trial challenge in this case, [*see* Doc. 134], and relies on, and presumes familiarity with, its prior analysis where relevant to the instant Memorandum Opinion and Order.

6

(6) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted. [and]

(7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his ***findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.*** No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*See* 18 U.S.C. § 3161(h) (emphasis added).

"To conduct a proper ends-of-justice analysis [under Section 3161(h)(7)(A)] when granting a continuance, a district court must state in the record, either orally or in writing, its reasons for determining that granting the continuance outweighs the public's and the defendant's interest in a speedy trial, based on the factors set forth in (h)(7)(B)." *United States v. Stone*, 461 F. App'x 461, 464 (6th Cir. 2012) (citing 18 U.S.C. § 3161(h)(7)(A)). "[W]hen multiple defendants are charged together, and no severance has been granted, one speedy trial clock governs." *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009) (citing *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989). "Moreover, the excludable delay of one defendant is also excluded for his codefendants." *Id.* (citing *Blackmon*, 874 F.2d at 380; *United States v. Culpepper*, 898 F.2d 65, 66-67 (6th Cir. 1990)).

Here, good cause exists to continue this trial briefly until May 9, 2023, and the time between the March 23 filing of Defendant Elie's motion and the new May 9 trial date is fully excludable under the STA. Defendant Elie's competency to represent himself at trial is a matter of Constitutional import. *See Indiana v. Edwards*, 554 U.S. 164, 177-78 (2008). The strong presumption in favor of joint trials, *see Zafiro*, 506 U.S. at 537, coupled with the potential mental

7

health challenges raised at the Conference establish good cause for a brief month continuance of this trial.

In addition, this time is fully excludable under the STA. **First**, a brief continuance is necessary to evaluate Defendant Elie's competency; therefore, the time is fully excludable under 18 U.S.C. § 3161(h)(1)(A). **Second**, the ends of justice served by continuing this trial outweigh the best interest of the public and the Defendants in a speedy trial. *See id.* § 3161(h)(7)(A). Due to the importance of the Constitutional rights at issue involving Defendant Elie's competency, the failure to grant a continuance—with this issue unsettled—would likely result in a miscarriage of justice. *See id.* at § 3161(h)(7)(B)(i). Further, to the extent Defendant Elie is not competent to represent himself at trial, new counsel will likely need to be appointed to represent Defendant Elie. *See Indiana*, 554 U.S. at 177-78. Forcing Defendant Elie to proceed to trial as scheduled, in potential violation of his Sixth Amendment rights, would also result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Even if the Court could appoint new counsel for Defendant Elie today, proceeding to trial as scheduled would also likely deny counsel for Defendant Elie "reasonable time necessary for effective preparation." *See id.* at § 3161(h)(7)(B)(iv). **Moreover**, because Defendants Elie and Smith-Wilson are joined for trial and the Court has not granted a motion for severance, the reasonable period of delay associated with this brief continuance related to Defendant Elie is excludable for Defendant Smith-Wilson. *See id.* at § 3161(h)(6); *Sobh*, 571 F.3d at 602.

Finally, a brief one-month continuance does not violate Defendant Smith-Wilson's Sixth Amendment right to a speedy trial.[3] *See* U.S. Const., amend. VI. In *Barker v. Wingo*, the Supreme

---

[3] Nor does this delay, which Defendant Elie requested and significantly benefits him, violate Defendant Elie's Sixth Amendment right to a speedy trial.

8

Court established a four-factor balancing test for evaluating a general Sixth Amendment speedy-trial claim, including (1) the length of the delay; (2) the reason for the delay; (3) whether and how the defendant asserted his right; and (4) prejudice to the defendant. 407 U.S. 514, 530-31 (1972). Prejudice to the defendant is "assessed in the light of the interests of defendants which the speedy trial right was designed to protect," including "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* at 534. "[N]one of the four factors . . . [are] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533. "[I]t will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated." *United States v. DeJesus*, 887 F.2d 114, 116 n.1 (quoting *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982), *cert. denied*, 456 U.S. 918 (1983)).

Here, as the Court has previously concluded, the length of delay in this case is presumed prejudicial [*See* Doc. 134 at 7]. *See also United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) ("A delay approaching one year is presumptively prejudicial."). But the bulk of the delays in this case are attributable to Defendants [*See* Doc. 134 (describing past delays)]. And the reason for further delay here is to protect a sacred Constitutional right. Defendant Smith-Wilson continues to assert his right to a speedy trial, as is his right. But the Government has been diligent in prosecuting this case, and Defendant Smith-Wilson fails to identify with specificity how a brief continuance would prejudice his defense. *See United States v. Young*, 657 F.3d 408, 418 (6th Cir. 2011) ("In this circuit, '[w]hen the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced *with specificity* will not make

9

out a speedy trial claim no matter how great the ensuing delay.'") (citation omitted). And any potential prejudice is not so substantial as to outweigh the need for a brief delay. *See Young*, 657 F.3d at 418 ("Moreover, we have found that specific prejudice must be 'substantial prejudice' for a defendant to prevail on a speedy-trial claim.'") (citation omitted). On balance, a one (1) month continuance will not violate Defendant Smith-Wilson's Sixth Amendment right to a speedy trial.

Accordingly, the Court **GRANTS IN PART** Defendant Elie's "Motion for Leave of Court to File Untimely Motion for Continuance," [Doc. 143], and **GRANTS IN PART** Defendant Elie's pro se "Motion to Continue Trial and Related Deadlines," [Doc. 144].

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Smith-Wilson's "Motion to Sever," [Doc. 142], with leave to refile. The Court **GRANTS IN PART** Defendant Elie's "Motion for Leave to File Untimely Motion for Continuance," [Doc. 143], and **GRANTS IN PART** Defendant Elie's "Motion to Continue Trial and Related Deadlines," [Doc. 144]. The Court resets the trial of this matter to commence on **May 9, 2023, at 9:00 a.m.** The Court will enter a separate order setting relevant pretrial deadlines. All time between the filing of the Defendant Elie's "Motion for Leave to File Untimely Motion for Continuance" on March 23, 2023 and the new trial date of May 9, 2023 is fully excludable time under the Speedy Trial Act.

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge