IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-149-RLJ-DCP |
| | ) | |
| DEONDRE KENYETTA ELIE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court for a status conference on May 5, 2023, on Defendant Deondre Elie's preliminary psychiatric/psychological evaluation ("the preliminary evaluation"), which was ordered by District Judge Katherine A. Crytzer on April 3, 2023, to assist the Court in determining whether a competency evaluation is warranted [Doc. 159 p. 1]. *See* 28 U.S.C. § 636(b). Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Defendant Elie represented himself, and Attorney Donny M. Young appeared as elbow counsel.

On May 4, 2023, the parties filed a Joint Status Update, informing the Court that Dr. Stephen A. Montgomery was scheduled to conduct the preliminary evaluation at the jail on April 27, 2023, but neither Dr. Montgomery, nor the parties, timely learned that funding for the evaluation was approved [Doc. 172 p. 2]. Thus, the evaluation was not performed [*Id.*]. The status report states that Dr. Montgomery can evaluate Defendant by telehealth appointment on May 12, 2023, or in person at the jail on May 24, 2023 [*Id.* at 3]. Both of these dates fall after the May 9, 2023 trial date in this case.

After conferring with elbow counsel, Defendant requested the May 24 in-person meeting with Dr. Montgomery and made an oral motion to continue the trial.[1] Defendant averred that an in-person meeting with Dr. Montgomery would be in his best interest and agreed to a new trial date in July 2023. AUSA Svolto agreed with this course, as did the undersigned. AUSA Svolto stated that she would confirm the May 24 appointment with Dr. Montgomery, who is able to arrange to evaluate the Defendant at the facility where Defendant is detained. The parties agreed on a new trial date of July 25, 2023.

The Court finds Defendant Elie's oral motion to continue the trial is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). At the final pretrial conference on March 29, 2023, Defendant raised for the first time issues relating to mental health challenges [Doc. 157 p. 6]. Finding the matter to have constitutional ramifications, Judge Crytzer continued the trial to May 9 to determine if a competency evaluation is appropriate [*Id*. at 8–10]. As stated above, Judge Crytzer ordered that Defendant receive a preliminary evaluation at his place of detention [Doc. 159 p. 1]. The undersigned finds this evaluation cannot be accomplished in time for the May 9 trial date. The Speedy trial act excludes delay occasioned by "any proceeding, including any examinations, to determine the mental competency" of the defendant. 18 U.S.C. § 3161(h)(1)(A). The Court finds it would be a miscarriage of justice to require Defendant to proceed to trial with the competency issue unresolved. 18 U.S.C. § 3161(7)(B)(i). Accordingly, the Court finds that a short trial continuance until July 25, 2023, furthers the ends of justice.

---

[1] Defendant asked that Mr. Young state his position for him.

Defendant's oral motion to continue the May 9 trial date is **GRANTED**. The trial of this case is reset to **July 25, 2023**. The Court finds that all the time between the status conference on May 5, 2023, and the new trial date of July 25, 2023, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(A) & -(7)(A)-(B). The Court also sets new dates and deadlines, which are set forth below.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Elie's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 25, 2023**, at **9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the oral motion on **May 5, 2023**, and the new trial date of **July 25, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant Elie shall have an in-person psychological or psychiatric evaluation by Dr. Stephen A. Montgomery on **May 24, 2023,** at Defendant's place of detention to assist the Court in determining whether a competency evaluation is warranted;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 27, 2023**;

(6) The deadline for filing motions *in limine* is **July 3, 2023**;

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **July 7, 2023**; and

(8) The parties are to appear before the undersigned for a final pretrial conference on **July 13, 2023, at 1:30 p.m.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3

Case 3:21-cr-00149-KAC-DCP   Document 174   Filed 05/08/23   Page 3 of 3   PageID #: 913