IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,            )
                                     )
                Plaintiff,           )
v.                                   )          No. 3:21-CR-149-KAC-DCP
                                     )
DEONDRE KENYETTA ELIE,               )
                                     )
                Defendant.           )

**MEMORANDUM AND ORDER**

This case is before the Court on Attorney Donny M. Young's Motion to Withdraw as Elbow Counsel [Doc. 210], filed on November 15, 2023, and referred [Doc. 212] on November 20, 2023. *See* 28 U.S.C. § 636(b). The parties appeared for a hearing on this motion on November 28, 2023. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Defendant Deondre Elie represented himself, and Mr. Young appeared as elbow counsel.

At a hearing on March 21, 2023, the undersigned found that Defendant knowingly and voluntarily waived his right to counsel and permitted Defendant to represent himself [Doc. 141 pp. 5, 7]. The Court also appointed Mr. Young to serve as elbow counsel [*Id*. at 5–7]. The Court explained that Mr. Young's role was to assist with routine procedural or evidentiary matters, to aid Defendant in complying with the basic rules of courtroom protocol and procedure, to provide technical assistance in presenting the defense and preserving the record for appeal, and to assist with filing documents on the Court's electronic filing system [*Id*. at 6].

Mr. Young now moves to withdraw as elbow counsel at Defendant's request [Doc. 210 p. 2]. He states that Defendant asked him to prepare and file a motion to withdraw the plea agreement, and he declined, explaining that was beyond his role as elbow counsel [*Id*. at 1]. Mr.

Young contends that Defendant then asked him to withdraw as elbow counsel so that the Court could appoint counsel who would file motions as requested [*Id*. at 2]. Mr. Young alleges that his relationship with Defendant is irreparably broken [*Id*.].

At the November 28 hearing, Mr. Young relied on the reasons stated in his motion. ASUA Svolto said the Government takes no position on the motion and deferred to the Court on this matter. She noted that Mr. Young is the third attorney appointed to represent Defendant in some capacity in this case.

The Court conducted a sealed, *ex parte* inquiry to learn the nature and extent of the problems in the attorney-client relationship. During that discussion, Defendant asked the Court to appoint counsel to represent him. The Court has previously determined that Defendant qualifies for court-appointed counsel [*See* Doc. 26]. The undersigned reviewed with Defendant that in accepting appointed counsel, he is waiving his right to represent himself. *United States v. Cromer*, 389 F.3d 662, 680 (6th Cir. 2004) ("By electing to exercise his constitutional right to present his own defense, a defendant necessarily waives his constitutional right to be represented by counsel."); *United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987) ("'The right to defend *pro se* and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other.'" (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970))). The Court finds that Defendant wants to be represented by counsel, that Defendant knowingly and voluntarily waives his right to represent himself, and that Defendant understands that he can now no longer file motions in his own behalf. The Court contacted Attorney Nathaniel Evans, who is willing to accept representation in this case.

Accordingly, the Court **ORDERS** as follows:

(1) The Motion to Withdraw as Elbow Counsel [**Doc. 210**] is **GRANTED**. Attorney Donny M. Young is permitted to **WITHDRAW** as elbow counsel for Defendant Elie and is **DIRECTED** to provide new counsel with the information from Defendant's file;

(2) Attorney Nathaniel Evans is **APPOINTED**, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Defendant Elie as counsel of record. Mr. Evans is **DIRECTED** to provide Defendant Elie with a copy of this Order;

(3) Defendant Elie is **DIRECTED** to cooperate with appointed counsel throughout the remainder of this case;

(4) This case remains set for a sentencing hearing before United States District Judge Katherine A. Crytzer on **January 5, 2024**, **at 2:00 p.m.**; and

(5) The Clerk of Court is **DIRECTED** to add Attorney Nathaniel Evans as counsel of record for Defendant Elie.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3