IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-149-KAC-DCP |
| | ) | |
| DEONDRE KENYETTA ELIE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The parties came before the undersigned on January 8, 2024, for a motion hearing on the Motion to Withdraw [Doc. 221], filed by court-appointed counsel Attorney Nathaniel H. Evans on December 22, 2023, and referred to the undersigned on December 27, 2023 [Doc. 222]. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorney Evans appeared with Defendant Elie. Attorney Michael P. McGovern, a CJA Panel member, also appeared at the Court's request.

The Court appointed Mr. Evans as Defendant Elie's counsel of record on November 28, 2023 [Doc. 215]. Mr. Evans is the fourth attorney appointed to represent or assist Defendant Elie.[1] In his motion, Mr. Evans asks to withdraw because Defendant "engaged in grossly

---

[1] The Court appointed Attorney Joshua D. Hedrick to represent Defendant at his initial appearance and arraignment on January 5, 2022 [Doc. 26]. The Court substituted Attorney Robert R. Kurtz for Mr. Hedrick on September 6, 2022, finding a breakdown in trust and communication in the attorney-client relationship and that Mr. Hedrick was not at fault [Doc. 75 p. 2]. On March 21, 2023, the undersigned declined to substitute new counsel for Mr. Kurtz two weeks before the then trial date, due to Defendant's refusal to cooperate with counsel [Doc. 141 p. 3]. The Court found that Defendant, through his conduct and his express statements to the Court, made an unequivocal, knowing, and voluntary choice to represent himself, rather than proceed with Mr. Kurtz [Doc. 141 pp. 3–5]. At that time, the Court appointed Attorney Donny M. Young as elbow counsel [*Id*. at 6]. On November 28, 2023, the Court heard Mr. Young's motion to withdraw as elbow counsel due to Defendant's insistence that he perform tasks beyond that role [*See* Doc. 215 pp. 1–2]. At that hearing, Defendant asked for counsel to represent him

inappropriate conduct" during a visit with another "attorney and agent from [Mr. Evans's] office" on the evening of December 21, 2023 [Doc. 221 p. 1]. Mr. Evans opines that his withdrawal is required by Tennessee Rule of Professional Conduct 1.16 [*Id*.]. Rule 1.16 requires withdrawal when "the representation will result in a violation of the Rules of Professional Conduct or other law." Tenn. R. S. Ct. 8.

The parties first appeared on this motion on January 5, 2024. At this hearing, the undersigned informed the parties that the Court received information from the United States Marshal Service ("USMS") that should be disclosed to defense counsel before the hearing. The Court reset the hearing to January 8, 2024, to permit Mr. Evans to receive and review that information. At the January 8 hearing, Mr. Evans confirmed that he received the information from the USMS. AUSA Svolto stated that the Government did not object to Mr. Evans's withdrawal, which appears necessary based upon her knowledge of the basic details of the incident referenced in the motion. However, AUSA Svolto said the Government opposes the appointment of new counsel to represent Defendant, who has abused his relationship with several attorneys and repeatedly caused delays in the conclusion of this case.

The Court conducted a sealed, *ex parte* inquiry to learn the nature and extent of the problems in the attorney-client relationship. Without going into the confidential details of that discussion, the Court finds good cause to permit Mr. Evans to withdraw because Defendant, through his conduct, has created an actual conflict of interest with counsel and caused an irreparable break in the attorney-client relationship. As explained below, however, the Court finds Defendant's repeated refusal to work with court-appointed counsel, including his recent

---

at sentencing, and the Court appointed Attorney Evans as counsel of record, directing Defendant to cooperate with counsel [*Id*. at 2–3].

2

Case 3:21-cr-00149-KAC-DCP   Document 227   Filed 01/10/24   Page 2 of 8   PageID #: 1355

conduct creating an actual conflict and an irreconcilable break in the attorney-client relationship, constitutes a waiver of counsel, and Defendant must now represent himself.

## I. ACTUAL CONFLICT OF INTEREST

In evaluating court-appointed counsel's motion to withdraw, the Court must find good cause for a change of counsel, such as an actual conflict of interest, a complete breakdown in communications between attorney and client, or an irreconcilable break in the attorney-client relationship. *United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (citing *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985)). Here, Mr. Evans appears to have an actual conflict of interest in the continued representation of Defendant Elie.

"'[A]n actual conflict of interest includes any circumstances in which an attorney cannot exercise his or her independent professional judgment free of compromising interests and loyalties.'" *Shelton v. Osborne*, No. 1:10–cv–236, 2013 WL 5276566, at *18 (E.D. Tenn. Sept. 18, 2013) (quoting *State v. White*, 114 S.W.3d 469, 476 (Tenn. 2003) (internal quotation omitted)). Based upon information provided to the Court by the USMS[2] and by Mr. Evans in the sealed portion of the hearing, the Court finds that Defendant's alleged conduct during an attorney-visit by Mr. Evans's associated counsel created an actual conflict of interest for Mr. Evans.[3] The Court also finds Defendant's alleged conduct creates an irreparable break in the attorney-client relationship.

The undersigned finds good cause for Mr. Evans to withdraw based upon an actual conflict of interest. Accordingly, Mr. Evans's Motion to Withdraw [**Doc. 221**] is **GRANTED**.

---

[2] The Court has made the information from the USMS a sealed, ex parte exhibit to the hearing for purposes of preserving the record [Doc. 226, SEALED].

[3] To the extent that Defendant's and Mr. Evans's accounts of events related during the sealed portion of the hearing conflict, the Court finds Mr. Evans's account was corroborated by the information from the USMS.

3

Mr. Evans is **DIRECTED** to provide Defendant and elbow counsel with the discovery and materials from Defendant's file.

## II.     SUBSTITUTION OF COUNSEL

During the public portion of the motion hearing, the Government argued that the Court should not appoint substitute counsel for Defendant because Defendant caused the break in the attorney-client relationship for the purpose of delay. In assessing good cause for the appointment of substitute counsel, the Court considers (1) the timeliness of the request for new counsel, (2) the extent of the problem between the attorney and the defendant, including whether the rift is so great that it prevents an adequate defense, and (3) the balance between the defendant's interest in new counsel and "'the public's interest in the prompt and efficient administration of justice.'" *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009) (quoting *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)).

Here, all three factors weigh against appointing substitute counsel. First, Defendant created a conflict for Mr. Evans two weeks before his then January 5, 2024 sentencing hearing. As for the second factor, the Court has already found that Mr. Evans has an actual conflict of interest and can no longer represent Defendant. The Court also finds that Defendant caused the actual conflict and an irreparable break in the attorney-client relationship.

"A defendant may waive his right to appointed counsel by his conduct." *Beatty v. Caruso*, 64 F. App'x 945, 951 (6th Cir. 2003) (citing *United States v. Harris*, 2 F.3d 1452, 1455 (7th Cir. 1993) (finding defendant's refusal to cooperate with four attorneys constituted a waiver of counsel)). While the Sixth Amendment grants a criminal defendant the right to the assistance of counsel, "a defendant cannot be permitted to stop the criminal justice process in its tracks by rejecting appointed counsel and refusing self-representation[.]" *Swiger v. Brown*, 86 F. App'x

4

877, 882 (6th Cir. 2004). When a defendant rejects all options except for self-representation, he "necessarily cho[oses] self-representation." *King v. Bobby*, 433 F.3d 483, 492 (6th Cir. 2006). "A defendant's refusal to cooperate does not constitute good cause for substitution of counsel." *Lassetti v. Burgess*, No. 18-14052, 2022 WL 791400, at *5 (E.D. Mich. Mar. 14, 2022) (determining the state appellate court, which found the tension in the attorney-client relationship "'arose from [defendant's] persistent, and in some instances willful, misapprehensions of the law and misrepresentations of the record,'" "reasonably determined that [defendant] failed to establish good cause for appointing new counsel").

Here, the undersigned previously declined to substitute a third attorney for Defendant, finding, in part, that by his conduct, Defendant waived the right to counsel [Doc. 141 pp. 3, 5]. At that time, the Court advised Defendant of the risks and perils of self-representation, using the litany provided in *United States v. McDowell*, 814 F.2d 245, 251 (6th Cir. 1987) and the *Bench Book for United States District Judges* 1.02(C) (5th ed. 2007) [*Id*. at 4]. When the Court subsequently appointed Mr. Evans, the undersigned admonished Defendant to cooperate with counsel and warned him that if he failed to do so, the Court would not appoint yet another attorney, and he would have to represent himself. The Court finds that Defendant Elie has again waived his right to appointed counsel by his conduct.

Finally, the third *Vasquez* factor requires the Court to balance Defendant's interest in substitute counsel against the public's interest in the prompt and efficient resolution of this case. 560 F.3d at 466. The undersigned finds Defendant's interest in substitute counsel to be low due to his pattern of failure to cooperate with counsel. Instead, the Court gives greater weight to the public's interest in concluding this case, which has been pending for more than two years.[4]

---

[4] This is the third time Defendant's conduct has caused counsel to move to withdraw within two weeks of a proceeding. Mr. Kurtz moved the Court to review the attorney-client

5

Accordingly, the Court finds that Defendant Elie has not demonstrated good cause for the appointment of substitute counsel and must represent himself in the remaining proceedings. At the January 8 hearing, the Court reminded Defendant that it previously advised him of the *McDowell* litany, that he is required to follow the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, and that these rules will not be relaxed for his benefit.[5]

## III. ELBOW COUNSEL

At the motion hearing, the Court considered again appointing standby or elbow counsel to assist Defendant as he represents himself at his sentencing hearing. The Court may appoint elbow counsel to help the defendant and to represent the defendant if self-representation must be terminated. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975). Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present[, and s]econd, participation by standby counsel without the defendant's consent should not be allowed to destroy the . . . perception that the defendant is representing himself." *Wiggins*, 465 U.S. at 178. Elbow counsel can "assist[] the pro se defendant in overcoming routine procedural or evidentiary obstacles to

---

relationship two weeks and two days before the April 4, 2023 trial date [*See* Doc. 137]. Mr. Young moved to continue the November 17, 2023 sentencing hearing [Doc. 206] and then a week later, on November 15, 2023, moved to withdraw as elbow counsel [Doc. 210]. In his motion to continue the sentencing hearing, Mr. Young stated that Defendant wanted to move to withdraw his plea agreement [Doc. 206], and Defendant's insistence that Mr. Young prepare that motion formed the basis of the breakdown in the attorney-client relationship [*See* Doc. 210]. Mr. Evans moved to withdraw on December 22, 2023, which was two weeks before the then January 5, 2024 sentencing hearing.

[5]   The Court also advised Defendant that his pro se letter [Doc. 223] to the District Judge, dated December 15, 2023, and received and docketed on January 2, 2024, was filed while he was represented by counsel. Local Rule 83.4(c) prohibits parties from filing materials in their own behalf while represented by counsel. Accordingly, Defendant may wish to present the contents of his letter anew now that he is representing himself.

6

the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete" and can help "ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* at 183. The Court also observes that the appointment of elbow counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." *Id.* at 184.

With these principles in mind, the Court finds it is appropriate to appoint elbow counsel in this case. Attorney Michael P. McGovern was present at the January 8 hearing and agreed to serve as elbow counsel. The Court **APPOINTS** Mr. McGovern to serve as elbow counsel for Defendant pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. To the extent possible, Mr. McGovern shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. Mr. McGovern should help the Defendant overcome routine procedural or evidentiary obstacles to completing a specific desired task, like the introduction of evidence or the objection to testimony. Mr. McGovern may also, upon the Defendant's request, provide technical assistance in presenting his arguments and preserving the record for appeal. Mr. McGovern may assist Defendant with electronic filing, if needed.

## IV. CONCLUSION

In summary, the Court **ORDERS** as follows:

(1) Attorney Nathaniel H. Evans's Motion to Withdraw [**Doc. 221**] is **GRANTED** for good cause shown;

(2) Mr. Evans is **RELIEVED** of his representation of Defendant Elie and **DIRECTED** to provide Defendant and/or elbow counsel with discovery and the Defendant's file;

(3) By his conduct, Defendant Elie waives his right to counsel and must represent himself through the remainder of this case;

7

(4) The Court **APPOINTS** Attorney Michael P. McGovern as elbow counsel for Defendant pursuant to the CJA; and

(5) This case remains set for sentencing before United States District Judge Katherine A. Crytzer on **February 16, 2024, at 10:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge